IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| GLOBAL AEROSPACE, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 07-618 |
| ) | |
| METROPOLITAN WASHINGTON ) | |
| AIRPORTS AUTHORITY, ) | |
| ) | |
| Defendant. ) | |

**CONSENT MOTION FOR DISMISSAL**

Plaintiff GLOBAL AEROSPACE, INC., by counsel, hereby notifies the Court that the parties in the above-captioned matter have agreed to arbitrate their dispute pursuant to a binding Arbitration Agreement, which is attached hereto as Exhibit 1. Pursuant to that Arbitration Agreement, the parties jointly request that the Final Order attached hereto as Exhibit 2 be entered by the Court, and that this matter be dismissed with prejudice.

Dated: May 5, 2008.

GREENBERG TRAURIG, LLP

*/s/ Titania Parker*
Donald J. Detweiler (#3087)
detweilerd@gtlaw.com
Titania Mack Parker (#4120)
parkertm@gtlaw.com
1007 North Orange Street, Suite 1200
Wilmington, Delaware 19801
Telephone: (302) 661-7000
Facsimile: (302) 661-7360

*Attorneys for Global Aerospace, Inc.*

Of Counsel:

Ronald Kleinman
Timothy C. Bass
**GREENBERG TRAURIG, LLP**
2101 L Street, NW, Suite 1000
Washington, D.C. 20037
Phone: (202) 331-3100
Fax: (202) 331-3101

## CERTIFICATE OF SERVICE

I certify that on May 5, 2008 I will electronically file the foregoing with the Clerk of the Court using the CM/ECF system, and will send a copy of the foregoing to:

>Mark A. Dombroff
>Counsel for MWAA
>DOMBROFF, GILMORE, JAQUES & FRENCH
>1676 International Drive, Penthouse
>McLean, Virginia 22102
>Telephone: (703) 336-8700
>Facsimile: (703) 336-8750
>mdombroff@dglitigators.com

>_____
>Titania Mack Parker

# EXHIBIT 1

# ARBITRATION AGREEMENT

This Arbitration Agreement (the "Agreement") is effective as of May 1, 2008 and is entered into by and between Global Aerospace, Inc. ("Global Aerospace"), on behalf of itself and as the agent and manager for an unincorporated association of insurance companies that issue policies of aviation insurance, on the one hand; and the Metropolitan Washington Airports Authority ("MWAA"), on the other hand. Together each of the signatories to this Agreement are referred to as the "Parties," individually as a "Party."

WHEREAS, Global Aerospace commenced a declaratory judgment and breach of contract action against MWAA in the United States District Court for the District of Delaware, Civil Action No. 07-618 (the "Declaratory Judgment Action");

WHEREAS, MWAA does not concede that the District of Delaware is a proper venue for the Declaratory Judgment Action;

WHEREAS, the Declaratory Judgment Action relates to whether Global Aerospace, as the agent and manager for an unincorporated association of insurance companies that issued a policy of aviation insurance (the "Insurance Policy") to American Airlines ("AA"), is obligated to provide insurance coverage to MWAA for all pre-tender defense costs arising out of lawsuits that were filed against AA, MWAA and others following the attacks of September 11, 2001 (the "9/11 Lawsuits");

WHEREAS, the Parties mutually desire to resolve the Declaratory Judgment Action in the context of a binding arbitration;

WHEREAS, in February 1990, AA and MWAA, executed an agreement entitled "Airport Use Agreement and Premises Lease," (hereafter "Use Agreement") Article 12 of which imposes certain obligations on AA with respect to indemnification of MWAA and the provision of insurance benefits for MWAA;

WHEREAS, MWAA believes the Use Agreement imposes obligations on AA that may be separate and distinct from the issues raised in the Declaratory Judgment Action;

WHEREAS, the Parties mutually desire to resolve the issues relating to pre-tender fees between MWAA and AA arising from the Use Agreement in the context of a binding arbitration;

AND WHEREAS, Global Aerospace will act as AA's insurer with respect to the defense and prosecution of claims related to the Use Agreement, and further agrees to satisfy any arbitration award rendered against AA for pre-tender defense costs;

NOW, THEREFORE, in consideration of the parties' intent to resolve all issues among MWAA, AA and Global Aerospace pertaining to the indemnification of MWAA for pre-tender defense costs arising from the 9/11 Lawsuits, whether under the Insurance Policy or the Use Agreement, and in consideration of the premises, mutual covenants, and conditions herein contained, the Parties agree to the following:

I.   **CLAIMS SUBMITTED TO BINDING ARBITRATION**

    1.    The Parties shall submit the matters raised in the Declaratory Judgment Action and all matters relating to claims that MWAA is entitled to pre-tender defense costs under the Use Agreement to binding arbitration pursuant to the terms of this Agreement. In conjunction therewith, Global Aerospace shall dismiss with prejudice the Complaint that it filed in the United States District Court for the District of Delaware, Civil Action No. 07-618.

    2.    Each Party shall select one Arbitrator of its choice. The two Arbitrators selected by the Parties shall then agree on a third Arbitrator. If for any reason and at any time an Arbitrator selected by a Party must resign from the panel of Arbitrators, the Party that selected that Arbitrator may select another. If the third Arbitrator selected by the Party-appointed Arbitrators must resign, the Party-appointed Arbitrators shall agree on a replacement for that Arbitrator. Each Party shall pay the fee of the Arbitrator it chooses. The Parties shall each pay one half of the third Arbitrator's fee.

    3.    The Arbitrators shall be impartial, independent and shall have no prior knowledge of the coverage issues raised in the Declaratory Judgment Action. Each Arbitrator shall disclose to the Parties any circumstance that may raise justifiable doubt as to the Arbitrator's impartiality or independence, including any personal interest in the arbitration and any past or present relationship with any interested Party, and such circumstance shall be grounds for objecting to the service of that Arbitrator.

    4.    The Parties (including their counsel or other representatives) may not have any ex-parte contact with the Arbitrators, except to confirm their availability and willingness to serve as Panel members.

    5.    Within thirty (30) days from the date of this Agreement, Global Aerospace, on its own behalf and on behalf of AA, shall submit to the Arbitration Panel and MWAA a Statement of Claims, outlining with a reasonable degree of particularity the factual and legal basis for any and all arguments supporting Global Aerospace's argument that MWAA is not entitled to indemnification for pre-tender defense costs arising from the 9/11 Lawsuits. Global Aerospace shall outline with a reasonable degree of particularity the factual and legal basis for any and all arguments that MWAA is not entitled to such indemnification benefits under both the Insurance Policy and the terms of the Use Agreement.

    6.    MWAA shall submit to the Arbitration Panel and Global Aerospace an Answering Statement within thirty (30) days following receipt of Global Aerospace's Statement of Claims. The Answering Statement shall specify the factual and legal basis for any and all arguments supporting MWAA's argument that it is entitled to coverage for pre-tender defense costs arising from the 9/11 Lawsuits, including any affirmative defenses to Global Aerospace's Statement of Claims. MWAA shall outline with a reasonable degree of particularity the factual and legal basis for any and all arguments supporting its position that MWAA is entitled to such indemnification benefits under both the Insurance Policy and the terms of the Use Agreement.

II.   **THE PRELIMINARY CONFERENCE**

7.  As soon as practicable after the submission of MWAA's Answering Statement, but no more that 10 days thereafter, the Arbitration Panel shall hold an initial pre-hearing telephone conference call with the Parties. At the preliminary conference, the Arbitration Panel, shall:

    a)    identify any issues upon which they want further briefing;

    b)    identify any evidence they want to consider which was not attached to or referenced within the Statement of Claims or Answering Statement;

    c)    set a date for completion of discovery;

    d)    set a date for submission of final briefs;

    e)    set a date for oral argument from counsel after submission of final briefs; and

    f)    establish any other deadlines deemed advisable.

The parties agree that, irrespective of whatever dates are established, the hearing in this matter shall convene no later than 180 days following the pre-hearing telephone conference.

### III.  DISCOVERY

8.  After the Preliminary Conference, the Parties shall be allowed to propound to the other side up to ten (10) interrogatories and twenty (20) document requests that relate to the issues raised in the Statement of Claims and Answering Statement. Responses are due within 15 days of service.

9.  The Parties agree that each side shall only be entitled to take fifteen (15) hours of total deposition time. This limitation may include the deposition of as many witnesses as each party sees fit, as long as the total aggregate deposition time taken by one party does not exceed fifteen (15) hours.

10. Either Party may seek leave from the Arbitrators to conduct additional discovery for good cause shown and consistent with the nature of arbitration.

11. Consistent with applicable law, the Arbitrators shall, at the request of any Party, issue Subpoenas to third-parties requiring the production of documents and take such other steps as are necessary and appropriate to aid the Parties in obtaining discovery from such third-parties.

12. For purposes of discovery, Global Aerospace will respond to any discovery request that is directed towards AA. On behalf of itself and AA, Global reserves the right to object to MWAA's discovery on any grounds otherwise available, e.g. privilege, relevancy, etc.

### IV.  FINAL BRIEFING, ORAL ARGUMENT AND DECISION

13. On the date established by the Arbitration Panel at the Preliminary Conference, the Parties shall submit final briefs in support of their claims and defenses. The Parties' briefs shall be limited to thirty (30) pages and may include Affidavit testimony. All exhibits attached to the briefs shall be deemed to be authentic.

14. On the date established by the Arbitration Panel at the Preliminary Conference, the Parties shall present oral argument in support of their claims and defenses. The total time for each side shall be limited to two hours. The Parties agree to waive the right to call live witnesses during oral argument.

15. As soon as practicable following the submission of final briefs and oral argument, the Arbitration Panel shall issue a reasoned written decision, which shall be signed by at least two arbitrators. The Arbitration Panel's decision shall be binding on the Parties. Judgment may be entered upon the award in any court of competent jurisdiction. Nothing herein shall prejudice the right of either Party to seek post-Arbitration judicial relief consistent with applicable law. Any member of the Arbitration Panel who does not join in the decision, or joins in the decision through a different line of analysis, may issue a separate reasoned written decision.

16. Global Aerospace will pay any award rendered in the Arbitration as an expense or supplementary payment. Accordingly, the Arbitration Panel's award shall not require approval from the United States District Court for the Southern District of New York.

### IV.    LOCATION OF ARBITRATION HEARING

17. The arbitration hearing in this matter shall be held at the offices of Greenberg Traurig in Washington, D.C., at the offices of Dombroff Gilmore Jaques & French, P.C. in McLean, Virginia, or at such other locale in Washington, D.C. or Virginia as agreed to by the parties and the Arbitration Panel.

### V.    MISCELLANEOUS

18. This Agreement constitutes the entire agreement of the Parties with respect to its subject matter, superseding all prior agreements and understandings between them, if any, and may not be changed, altered, modified or amended except by written instrument signed by the Parties.

19. The substantive law or laws applicable to the resolution of the underlying dispute between the Parties shall be determined by the Arbitration Panel. The procedural rules, to the extent applicable, shall be the Federal Rules of Civil Procedure and the Federal Rules of Evidence. However, the performance, interpretation and remedy for any breach of this Agreement shall be governed by the laws of the Commonwealth of Virginia, without regard to the conflict of laws provisions thereof.

20. This Agreement may be executed in one or more counterparts, and may be executed and delivered by exchange of facsimile signatures. The facsimile copies will constitute originally signed copies requiring no further execution.

21. The Parties shall retain the right to make any request from the Arbitration Panel to the extent not inconsistent with this Agreement.

SEEN AND AGREED:

GLOBAL AEROSPACE, INC.

By:_____
Title:_____
Date:_____


METROPOLITAN WASHINGTON
AIRPORTS AUTHORITY


By:_____
Title:_____
Date:_____

# EXHIBIT 2

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| GLOBAL AEROSPACE, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 07-618 |
| ) | |
| METROPOLITAN WASHINGTON ) | |
| AIRPORTS AUTHORITY, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**CONSENT ORDER OF DISMISSAL**

It appearing to the Court, as evidenced by the signatures of counsel below, that the parties in the above-captioned matter have agreed to submit the issues raised in Plaintiff's Complaint to binding arbitration and dismiss this case with prejudice, it is hereby ORDERED that this case be dismissed with prejudice.

ENTERED this ____ day of _____, 2008.

_____
United States District Court Judge

- 1 -

SEEN AND AGREED:

*[signature]*
Donald J. Detweiler (#3087)
Titania Mack Parker (#4120)
Counsel for Global Aerospace, Inc.
GREENBERG TRAURIG, LLP
1007 North Orange Street, Suite 1200
Wilmington, Delaware 19801


SEEN AND AGREED:

*[signature]*
Mark A. Dombroff
Michael W. Kerns
Counsel for MWAA
DOMBROFF, GILMORE, JAQUES & FRENCH
1676 International Drive, Penthouse
McLean, Virginia 22102